### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 10-CR-20088** |
| | ) | |
| **MARQUIS D. ROBINSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION

This case is before the court for ruling on the *pro se* Motion to Suppress (#33) filed by Defendant Marquis D. Robinson. This court has carefully reviewed the arguments filed by the parties. Following this careful and thorough review, Defendant's *pro se* Motion to Suppress (#33) is DENIED.

## BACKGROUND

On February 23, 2012, this court held an evidentiary hearing on the Defendant's Motion to Suppress (#26). At this hearing, Special Agent Troy Wasson of the Vermilion County Metropolitan Enforcement Group (VMEG) testified that he used a confidential source to conduct two controlled purchases of cocaine base ("crack") from the Defendant. These controlled purchases occurred on July 12, 2010, and September 13, 2010. On October 6, 2010, at approximately 2:00 p.m., Agent Wasson arrested defendant for the two prior controlled purchases of cocaine base ("crack"). Defendant was taken to the Danville Public Safety Building, and after waiving his Miranda rights, freely and voluntarily confessed to possession of handguns and cocaine at his residence. At 4:13 p.m. on October 6, 2010,

Vermilion County Circuit Judge Craig DeArmond found probable cause to issue a search warrant of Defendant's residence, based on the controlled purchases and Defendant's voluntary admissions while in custody. The search warrant was executed on October 6, 2010, and two handguns, cocaine base ("crack") and two digital scales were found in Defendant's residence. On October 7, 2010, Agent Wasson signed a criminal complaint before United States Magistrate Judge David G. Bernthal and Judge Bernthal issued a warrant for Defendant's arrest. On October 7, 2010, at 1:30 p.m., Defendant appeared before Judge Bernthal and was provided with court-appointed counsel. Following a preliminary hearing, Judge Bernthal found probable cause for Defendant's arrest.

Following the suppression hearing on February 23, 2012, this court denied the following grounds asserted by Defendant in support of his Motion to Suppress (#26): (1) that his incriminating statements were made without proper Miranda admonitions; (2) that his incriminating statements were made under coercive circumstances; and (3) that his incriminating statements were the result of Defendant's diminished intellectual capacity. After this court granted Defendant's oral motion to proceed *pro se*, Defendant filed a *pro se* Motion to Suppress (#33). In his Motion to Suppress (#33), Defendant argued that his probable cause determination following his arrest was unreasonably delayed while agents conducted further investigation.

## ANALYSIS

The Supreme Court has held that "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." Gerstein v. Pugh, 420 U.S. 103, 114 (1975). The Supreme Court has explained that

if a probable cause determination is held within 48 hours, the length of delay is presumptively reasonable. <u>County of Riverside v. McLaughlin</u>, 500 U.S. 44, 56 (1991). In this case, Defendant's probable cause determination was held within 24 hours of his arrest. Therefore, the burden is on Defendant to demonstrate that the probable cause determination was delayed unreasonably. <u>Id.</u> "Examples of unreasonable delay are delays for the purpose of gathering additional evidence to justify the arrest, a delay motivated by ill will against the arrested individual, or delay for delay's sake." <u>Id.</u> Additionally, the Seventh Circuit has explained that "[u]nder the clear and straightforward logic of our [precedent], police may conduct further investigation of a crime to 'bolster' the case against a defendant while the defendant remains in custody, and they may likewise hold an individual while investigating *other* crimes that he may have committed, *so long as they have sufficient evidence to justify holding the individual in custody in the first place*." <u>United States v. Sholola</u>, 124 F.3d 803, 820 (7th Cir. 1997) (emphasis in original).

This court fully agrees with the government that Defendant has failed to offer any suggestion of evidence that would demonstrate that his probable cause determination was unreasonably delayed. Importantly, on February 23, 2012, this court found that probable cause existed for Defendant's arrest on October 6, 2010, based on the two controlled purchases of cocaine base ("crack"). Therefore, the fact that officers continued to investigate other potential crimes committed by the Defendant after he was arrested offers no support for Defendant's position that his 23 hour delay was unreasonable. <u>See</u> <u>id.</u> As to Defendant's other arguments and citations to distinguishable precedent, this court agrees with and accepts the government's Response (#34).

IT IS THEREFORE ORDERED THAT:

(1) Defendant's *pro se* Motion to Suppress (#33) is DENIED.

(2) This case remains scheduled for a status conference on June 13, 2012, at 10:00

a.m.

ENTERED this 12th day of June, 2012

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE