UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 10-CR-20088 |
| ) | |
| **MARQUIS D. ROBINSON,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION

This case is before the court for ruling on the pro se Motion to Suppress Evidence (#43) filed by Defendant, Marquis D. Robinson. This court has carefully reviewed Defendant's Motion and the Government's Response (#45). Following this careful review, Defendant's pro se Motion (#43) is DENIED.

## ANALYSIS

This court agrees with the Government's lengthy and well-supported Response that none of Defendant's arguments have any merit. Defendant is seeking to suppress the video recordings obtained during the confidential source's two separate purchases of crack cocaine from Defendant at his residence. This court concludes that there is no basis for suppressing the video recordings.

Defendant first argued that the confidential source's video recording of the interior of a his home without a warrant was an illegal search under the Fourth Amendment. This court agrees with the Government that law enforcement officers routinely use confidential sources to engage in covert meetings with criminal suspects. To establish what took place at those meetings, good police practice dictates that the officers use electronic surveillance

to audio and video record those consensual meetings. These consensual recordings by a confidential source in a defendant's home do not require a warrant and do not implicate the Fourth Amendment. A "defendant does not have a privacy interest in matters voluntarily revealed to a government agent, including a confidential informant." United States v. Davis, 326 F.3d 361, 365 (2d Cir. 2003); see also United States v. Eschweiler, 745 F.2d 435, 437 (7th Cir. 1984) ("a drug dealer cannot obtain immunity from customary methods of criminal investigation simply by conducting his business in his home"). This court notes that such video recordings are commonly admitted into evidence in criminal trials. While Fourth Amendment privacy interests are implicated by the installation of hidden cameras at a residence, see United States v. Torres, 751 F.2d 875, 882 (7th Cir. 1984), the Fourth Amendment does not apply to a confidential source acting under the direction of law enforcement officers who video recorded a consensual drug transaction with the defendant. See Davis, 326 F.3d at 365-66; see also United States v. Braithwaite, 458 F.3d 376, 380-81 (5th Cir. 2006); United States v. Lee, 359 F.3d 194, 199-203 (3d Cir. 2004); United States v. Corona-Chavez, 328 F.3d 974, 981 (8th Cir. 2003); United States v. Yang, 281 F.3d 534, 548 (6th Cir. 2002).

Defendant also argued that 18 U.S.C. § 2511(c)(2), the provision of Title III that permits law enforcement officers to use a confidential source to record communications without a warrant, does not list video surveillance as a specified exception to Title III. This court agrees with the Government that this point is legally irrelevant. The reason consensual video surveillance is not specifically listed as an exception to Title III is because Title III, on

its own terms, applies only to communications and does not apply to video surveillance at all.

Defendant further argued that the confidential source's video recording of Defendant's drug sales was not supported by probable cause. This court agrees with the Government that, because no search under the Fourth Amendment occurred when the confidential source simply recorded what he was able to see, probable cause was not required.

Defendant finally argued that the confidential source's video recordings of Defendant's sales of crack cocaine should be suppressed because they did not comply with the requirements of Title III. This court agrees with the Government that, as previously shown, Title III applies only to communications and does not apply to video recordings.

IT IS THEREFORE ORDERED THAT:

(1)  Defendant's pro se Motion to Suppress Evidence (#43) is DENIED.

(2)  This case remains scheduled for a final pretrial conference on September 4, 2012, at 11:00 a.m. and a jury trial on September 10, 2012, at 9:00 a.m. The deadline for acceptance of responsibility is August 31, 2012.

ENTERED this 24th day of August, 2012

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE